IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

HENRY DAVID POTWIN                                                                    PETITIONER


v.                         NO. 2:05CV00050 JMM-JFF


LINDA SANDERS,
Warden, FCI-Forrest City,
Arkansas                                                                                    RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Petitioner is incarcerated at the Federal Correctional Complex in Forrest City, Arkansas. He has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking credit on his federal sentence for time served in state custody. For the reasons that follow, the Magistrate Judge undersigned recommends that the petition be dismissed with prejudice.

Petitioner was arrested on April 14, 1994, on Texas state charges. These charges were dismissed on April 20, 1994. Petitioner's parole on a prior Texas state

charge was subsequently revoked, and he was turned over to the Texas Department of Correction for service of his state parole violation term.  On August 16, 1994, a superseding indictment was filed in the United States District Court for the Northern District of Texas charging Petitioner with numerous violations of federal law, including five counts of robbery and three counts of using and carrying a firearm during a crime of violence. The superseding indictment also charged Carolyn Marie Williams with numerous violations of federal law. She initially was charged pursuant to an indictment filed on July 6, 1994.

Petitioner made his initial appearance in district court on the federal charges on August 26, 1994.  On October 17, 1994, Petitioner plead guilty, pursuant to a plea agreement, to two counts of robbery and two counts of using and carrying a firearm during a crime of violence.  A sentencing hearing was held on January 9, 1995.  During the sentencing hearing, the robbery counts were dismissed on the government's motion. The district court sentenced Petitioner to a total of twenty-five (25) years imprisonment on the two counts of using and carrying a firearm during a crime of violence, to be followed by a term of supervised release of three years.  During the hearing, Petitioner's counsel requested that Petitioner be given credit for time served in the county jail from April 14, 1994, to January 9, 1995. Later in the hearing, counsel asked, "Your Honor, about the credit for time served?"  The district court replied, "He will get that."  On January 19, 1995, the district court entered a judgment consistent with the sentence imposed during the sentencing hearing.  The judgment provided: "The defendant is to receive credit for time served."

On July 19, 1996, Petitioner was paroled from the Texas Department of

Correction and received into federal custody. On September 5, 1996, he was delivered to FCC Coleman, Florida, to begin service of his federal sentence. His projected statutory release date is September 5, 2020, and his expiration full term date is December 31, 2020.

On April 8, 1997, Petitioner filed a motion to vacate under 28 U.S.C. § 2255 in the sentencing court alleging, *inter alia*, that he was entitled to credit for the time he served in state custody prior to his federal conviction. On December 30, 1997, the district court denied Petitioner's motion to vacate, concluding, *inter alia*, that § 2241, not § 2255, was the proper remedy for Petitioner's claim that he was entitled to credit for the time served in state custody prior to his federal conviction. On February 21, 2002, Petitioner filed a second motion to vacate pursuant to § 2255 in the sentencing court, alleging, among other grounds for relief, that the court was without subject matter jurisdiction to deliver him into state custody until his state sentence was served. On July 5, 2002, the district court dismissed the motion without prejudice, finding that the motion was successive and that it therefore had to be certified by the appropriate court of appeals before it could be heard in the district court.

On March 8, 2005, Petitioner filed his § 2241 petition in this Court. As his sole ground for relief, Petitioner asserts that the Federal Bureau of Prisons ("BOP") has refused to credit his federal sentence with the time he served in the county jail prior to July 19, 1996, other than a few days between April 14, 1994, the date of his arrest on the Texas state charges, and April 21, 1994. In a reply to the Respondent's response, Petitioner requests that the Court "order the BOP to grant him his credit for time served from July 6, 1994, or in the alternative, at least from January 9, 1995 onward to date."

The Magistrate Judge finds that Petitioner is attacking the execution of his federal sentence. A federal prisoner may attack the execution of his sentence by filing a habeas corpus petition pursuant to § 2241 in the district where he is incarcerated. Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002).

Petitioner committed the federal offenses in this case on April 6 and April 13, 1994. Whether a prisoner who committed a federal offense after November 1, 1987, receives credit for time spent in custody is governed by 18 U.S.C. § 3585 (2005). Kendrick v. Carlson, 995 F.2d 1440, 1444 n. 3 (8th Cir. 1993). Section 3585 provides:

Calculation of term of imprisonment

(a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

  (1) as a result of the offense for which the sentence was imposed; or

  (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Respondent asserts that the State of Texas gave Petitioner credit from April 22, 1994, to July 19, 1996 (the date Petitioner was paroled from state custody into federal custody), for his serving his state parole violation term. Respondent has submitted a BOP memorandum supporting this assertion. See Attachment 3 to Respondent's

Response (DE # 4), Memorandum from Meg Traynor, AISM, to J & C File (January 21, 1997). Petitioner has not disputed that the State of Texas gave him credit for the period of time from April 22, 1994, to July 19, 1996.

Under § 3585(b), a defendant cannot receive credit on his federal sentence when he received credit toward his state sentence for the same time period. United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993), cert. denied, 511 U.S. 1059 (1994). See United States v. Wilson, 503 U.S. 329, 337 (1992) (in enacting 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time"). Because Petitioner already has received credit toward his state parole violation term for the period of time from April 22, 1994, through July 19, 1996, he is not entitled to credit on his federal sentence for the same time period. Petitioner asserts that "[i]t is unfair and unjust to deny [him] the remaining credit for time served when the district court specifically orally pronounced the sentence and explicitly stated that petitioner would get the credit for time served . . . . " First of all, § 3585 does not authorize a district court to award credit at sentencing. Wilson, 503 U.S. at 333-335. The issue of crediting is the responsibility of the Attorney General, through the BOP. Id. at 335. Furthermore, there is nothing unfair or unjust regarding the crediting of Petitioner's sentence. Petitioner has received credit on his federal sentence for the period of time from April 14, 1994, through April 21, 1994, and he has received credit on his state parole violator sentence for the period of time from April 22, 1994, through July 19, 1996.

Citing United States v. Haney, 711 F.2d 113 (8th Cir. 1983), Petitioner contends that he "is entitled to the credit for the time served in state custody because of the

denial of his release on bail due to the outstanding federal detainer." He asserts that the federal indictment prevented him from being bonded out on July 6, 1994.[1] Petitioner requests that this Court "order the BOP to grant him his credit for time served from July 6, 1994, or in the alternative, at least from January 9, 1995[2] onward to date." 1994.  In Haney, the federal defendant (Haney) requested credit against his federal sentence for time spent in state custody while under a federal detainer. Haney argued that under 18 U.S.C. § 3568 (1976), his state custody was "in connection with" his federal offense because the federal detainer lodged against him necessarily prevented his release on an otherwise bailable state offense.  Title 18 U.S.C. § 3568, which has been repealed and does not apply to offenses committed after November 1, 1987, provided that a prisoner was to receive credit toward the service of his federal sentence "for any days spent in custody in connection with the offense or acts for which sentence was imposed."  The Eighth Circuit found it had held that "a prisoner denied release on bail by state authorities because of an outstanding federal detainer lodged against him is in custody in connection with a federal offense and entitled to credit against his federal sentence for the time spend in state custody." Haney, 711 F.2d at 114 (quoting Brown v. United States, 489 F.2d 1036, 1037 (8th Cir. 1974)).  The Eighth Circuit held that Haney was entitled to be credited on his federal sentence for time spent in state custody attributable to the federal detainer.  Haney, 711 F.2d at 114-115.

---

[1] This date was the date that the initial federal indictment was filed against Carolyn Marie Williams.

[2] This is the date that Petitioner was sentenced.

-7-

The holding in Haney is based on the language of 18 U.S.C. § 3568, a statute which does not apply to Petitioner and did not contain 18 U.S.C. § 3585(b)'s explicit prohibition against double credit. In conclusion, 18 U.S.C. § 3585, not Haney, governs this case. As previously found, Texas already has given Petitioner credit for the time he spent in state custody from April 22, 1994, through July 19, 1996, the date he was paroled into federal custody. Petitioner is not entitled to double credit. With respect to the time Petitioner spent in federal custody after July 19, 1996, Petitioner has not shown that the BOP has denied him such credit.

In support of his claim that the BOP has refused to credit his federal sentence with the time he served in the county jail prior to July 19, 1996, other than a few days between April 14, 1994, and April 21, 1994, Petitioner alleges that "[c]redit for time served was one of the critical issues upon which the government secured [his] guilty plea." "[W]hen the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand." Mabry v. Arkansas Department of Correction, 467 U.S. 504, 509 (1984); United States v. Dewitt, 366 F.3d 667, 669-72 (8th Cir. 2004). Where a breach of a plea agreement has occurred, the preferred remedy is specific performance of the plea agreement. United States v Goings, 200 F.3d 539, 544 (8th Cir. 2000). The plea agreement between Petitioner and the government contains no reference to credit for time served. Under the circumstances, the Magistrate Judge finds that the government did not breach the plea agreement and that Petitioner is therefore not entitled to credit

on his federal sentence based on a breach of the plea agreement.[3]

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed with prejudice.

Dated this 8th day of March, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] If Petitioner is attempting to attack his guilty plea as involuntary or unknowing, the appropriate remedy is a motion to vacate filed in the sentencing court pursuant to 28 U.S.C. § 2255. United States v. Lurie, 207 F.3d 1075, 1076-77 (8th Cir. 2000). Section 2255 does contain a narrowly-circumscribed safety valve that permits a federal prisoner to bring a § 2241 petition attacking his underlying conviction if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." United States, ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.), cert. denied, 537 U.S. 869 (2002) (quoting 28 U.S.C. § 2255). Section 2255 is not inadequate or ineffective simply because there is a procedural barrier to bringing a § 2255 motion. Lurie, 207 F.3d at 1077. Section 2255 is not inadequate or ineffective merely because § 2255 relief already has been denied, a prisoner has been denied permission to file a second or successive § 2255 motion, or a second or successive § 2255 motion has been dismissed. Id. "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." Id. at 1078 (quoting Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)).